**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Johnathon FRANK, Defendant–Appellant.**

**No. 11–30091.**

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2012.*

Filed March 15, 2012.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James A. Goeke, Assistant U.S. Attorney, USYA–Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Nicholas W. Marchi, Carney & Marchi, PS, Seattle, WA, for Defendant–Appellant.

Before: PAEZ and MURGUIA, Circuit Judges, and TUCKER, District Judge.**

MEMORANDUM ***

Appellant Jonathon Frank was charged with (Count One) a crime on an Indian reservation-assault resulting in serious bodily injury and aiding and abetting, in violation of 18 U.S.C. §§ 1153, 113(a)(6), and 2; and (Count Two) a crime on an Indian reservation-voluntary manslaughter and aiding and abetting, in violation of 18 U.S.C. §§ 1153, 1112, and 2. Having pled guilty pursuant to a conditional guilty plea, Frank appeals the district court's order granting the government's motion to exclude Frank's defense of diminished capacity and related expert testimony. We review *de novo* whether diminished capacity is a defense to a charged offense. *United States v. Vela,* 624 F.3d 1148, 1154 (9th Cir.2010). We do not recite the facts as they are known to the parties.

---

** The Honorable Josephine Staton Tucker, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

A diminished capacity defense is "ordinarily available only when a crime requires proof of a specific intent." *Id.* (citing *United States v. Twine,* 853 F.2d 676, 679 (9th Cir.1988)). Assault resulting in seriously bodily injury is a general intent crime. *United States v. Fitzgerald,* 882 F.2d 397, 399 (9th Cir.1989).[1] Voluntary manslaughter, 18 U.S.C. § 1112, is also a general intent crime. *Kane v. United States,* 399 F.2d 730, 736 (9th Cir.1968). There is no legal authority for Frank's claim that his alleged use of a weapon transformed these charges into specific intent crimes. Because the crimes with which Frank was charged are both general intent crimes, we hold that the district court did not err in excluding the defense of diminished capacity and any evidence thereof. *Vela,* 624 F.3d at 1154.

**AFFIRMED.**

---

1. *Fitzgerald,* 882 F.2d at 399 (9th Cir.1989), examined assault causing serious bodily injury as codified at 18 U.S.C. § 113(f), which has since been re-codified as 18 U.S.C. § 113(a)(6). *See* Pub.L. No. 103–322, §§ 170201(c)(4)–(6), 108 Stat. 1796 (1994).